UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 10 2023

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 3:23-mj-00121-BK |
| MAGALY MEJIA CANO (2) | § § | |

## WAIVER OF DETENTION HEARING

I understand that I have been charged in federal court with:

1) ___ an indictment that accuses me of committing an offense or offenses, or

2) ✓ a criminal complaint that accuses me of committing an offense or offenses, or

3) ___ a petition that accuses me of violating a term or terms of my supervised release, or

4) ___ a petition that accuses me of violating a term or terms of my pretrial release.

I understand the government made a "detention motion" to the U.S. Magistrate Judge asking that I be kept in custody. The U.S. Magistrate judge explained that I have a right to a "detention hearing" to fight the government's motion. I wish to waive my right to a detention hearing at this time. I know that waiving my right to a detention hearing will cause the U.S. Magistrate Judge to grant the government's motion for detention and order that I be kept in custody. However, I reserve my right to ask for a detention hearing later:

1) ✓ pursuant to the Bail Reform Act, including 18 U.S.C. § 3142(f)(2)[1] and (i)[2]; and/or

2) ___ if I am released from state custody.

DATED this __8__ day of __Feb__, __2023__

X_____     _____
Defendant                                             Attorney for Defendant

Magaly Mejia Cano

---

[1] See *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (unpublished) ("We have interpreted this standard as asking whether any 'new' information was presented.")

[2] See *United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988) ("a judicial officer may subsequently order the temporary release of the detainee to the extent the judicial officer determines such release to be necessary for preparation of the person's defense.")